UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS ALVAREZ,

                                        Plaintiff,

          -against-

COUNTY OF ORANGE, NEW YORK, CARL E.
DUBOIS, SHERIFF OF ORANGE COUNTY,
SERGEANT   LAURENCE   COTTONE   and
DEPUTY SHERIFF RODNEY CARPENTIER,

                                        Defendants.

Case No.:
13-CV-7301 (KMK)

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

---

RUDNER & PALEUDIS, LLC
*Attorneys for Plaintiff*
Brian M. Rudner (BR-4115)
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(T): (914) 220-8270
(F): (914) 220-8271
(Email): bmr@rudnerpaleudis.com

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES                                                    i

PRELIMINARY STATEMENT                                                   1

STATEMENT OF FACTS                                                      1

ARGUMENT                                                                5

    I.     STANDARD OF REVIEW ON A RULE 12(b)(6) MOTION TO
           DISMISS                                           5

    II.    PLAINTIFF'S CLAIMS AGAINST THE COUNTY AND SHERIFF
           DUBOIS                                             7

    III.   PLAINTIFF HAS PLAUSIBLY PLED CLAIMS FOR DEPRIVATION
           OF FEDERAL CIVIL RIGHTS AND FALSE ARREST AGAINST
           COTTONE AND CAPENTIER                              8

CONCLUSION                                                              15

# TABLE OF AUTHORITIES

<u>Federal Cases</u>                                                                                          <u>**PAGE**</u>

*Ackerson v. City of White Plains,*
    702 F.3d 15 (2d Cir. 2012)……………………………………………………8

*Allaire Corp. v. Okumus,*
    433 F.3d 248 (2d Cir. 2006)……………………………………………….....5

*Ashcroft v. Iqbal,*
    556 U.S. 662,129 S.Ct. 1937 (2009)……………………………………….....5

*BeVier v. Hucal,*
    806 F.2d 123 (7th Cir. 1986)……………………………………………......10-11

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955 (2007)………………………………………..5, 13

*Carminucci v. Alagno,*
    2012 WL 4053801, 2012 U.S. Dist. LEXIS 134329 (S.D.N.Y.2012)………………..9

*Cerrone v. Brown,*
    246 F.3d 194 (2d Cir. 2001)…………………………………………………12

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002)……………………………………………….6, 7

*Clopay Plastic Prods. Co., Inc. v. Excelsior Packaging Group, Inc.,*
    2013 U.S. Dist. Lexis 172448, 2013 WL 6388444 (S.D.N.Y. 2013)…………………..6

*Cornell v. Kapral,*
    2011 WL 94063, 2011 U.S. Dist. LEXIS 2616 (N.D.N.Y. 2011)…................................9

*Curley v. Village of Suffern,*
    268 F.3d 65 (2d Cir. 2001)…………………………………………………9

*Dual Groupe, LLC v. Gans-Mex LLC,*
    932 F. Supp.2d 569 (S.D.N.Y. 2013)…………………………………………15

*Global Network Commc'ns, Inc. v. City of New York,*
    458 F.3d 150 (2d Cir. 2006)………………………………………………..7, 14-15

*Gonzalez v. Caballero,*
    572 F.Supp.2d 463 (S.D.N.Y. 2008)…………………………………………5

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982)...............................................................................12

*Jenkins v. City of New York,*
    478 F.3d 76 (2d Cir. 2007).............................................................12-13

*Lennon v. Miller,*
    66 F.3d 416 (2d Cir. 1995)...............................................................12

*Mack v. Town of Walkill,*
    253 F. Supp.2d 552 (S.D.N.Y. 2003)...............................................13

*Manganiello v. City of New York,*
    612 F.3d 149 (2d Cir. 2010)..............................................................10

*Mistretta v. Prokesch,*
    5 F.Supp.2d 128 (E.D.N.Y. 1998)....................................................10

*Murphy v. Lynn,*
    118 F.3d 938 (2d Cir. 1997)..............................................................12

*O'Brien v. City of Yonkers,*
    2013 U.S. Dist. LEXIS 43551, 2013 WL 1234966 (S.D.N.Y. 2013)...................12

*Oxman v. Downs,*
    2014 U.S. Dist. LEXIS 20714, 2014 WL 793140 (E.D.N.Y. Feb. 14, 2014)...............6

*Posr v. Doherty,*
    944 F.2d 91 (2d Cir. 1991)................................................................8

*Roth v. Jennings,*
    489 F.3d 499 (2d Cir. 2007)..............................................................6

*Savino v. City of New York,*
    331 F.3d 63 (2d Cir. 2003).................................................................8

*Singer v. Fulton County Sheriff,*
    63 F.3d 110 (2d Cir. 1995), *cert denied*, 517 U.S. 1189 (1996)..........................9

*Sira v. Morton,*
    380 F.3d 57 (2d Cir. 2004).................................................................6

*Tretola v. County of Nassau,*
    2014 U.S. Dist. LEXIS 52852, 2014 WL 149371 (E.D.N.Y. April 16, 2014)............10

*Vanderwoude v. City of New York,*
   2014 U.S. Dist. LEXIS 79064, 2014 WL 2592457 (S.D.N.Y. April 16, 2014)...........8

*Ward v. The City of New York,*
   2010 U.S. Dist. LEXIS 97710, 2010 WL 3629536 (S.D.N.Y. 2010)..................9-12

*Weaver v. In Clerks Office City of N.Y.,*
   2014 U.S. Dist. LEXIS 32036, 2014 WL 950041 (E.D.N.Y. Mar. 10, 2014)......7, 12, 14

*Weyant v. Okst,*
   101 F.3d 845 (2d Cir. 1996)...........................................................8

*Williams v. The City of Mount Vernon,*
   428 F.Supp.2d 146 (S.D.N.Y. 2006).............................................13

State Cases

*Carlton v. Nassau County Police Dept.,*
   306 A.D.2d 365, 761 N.Y.S.2d 98 (2d Dept. 2003)...........................11

*Fausto v. City of New York,*
   17 A.D.3d 520, 793 N.Y.S.2d 165 (2d Dept. 2005)...........................11

*Guntlow v. Barbera,*
   76 A.D.3d 760, 907 N.Y.S.2d 86 (3d Dept. 2010)............................11

Federal Statutes

42 U.S.C. §1983.......................................................................1,8

42 U.S.C. §1988........................................................................1

State Statutes

New York Lien Law §184.............................................................2

New York Penal Law §155.35........................................................4

New York Penal Law §165.50........................................................4

New York Penal Law §165.05........................................................4

Federal Rules

Fed. R. Civ. P. 12(b)(6)....................................................1, 5, 6, 7, 14

## PRELIMINARY STATEMENT

Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights by deputies of the Orange County Sheriff's Department.  Despite ample opportunity to conduct a sufficient investigation, the Orange County Sheriff's Deputies arrested Plaintiff and charged him with Grand Larceny in the Third Degree, and other theft-related offenses, for possession of property that he was lawfully entitled to possess.  The deputies arrested Plaintiff after being advised that: (a) three other law enforcement agencies had reviewed the matter and declined to arrest Plaintiff; and (b) Plaintiff had asserted a lien on the allegedly stolen property.

Plaintiff's Amended Complaint asserts claims against the County of Orange, New York (hereinafter "the County") and Carl E. Dubois, Sheriff of Orange County (hereinafter "Sheriff DuBois") for failure to train its deputies, and against Sergeant Laurence Cottone (hereinafter "Cottone") and Deputy Sheriff Rodney Carpentier (hereinafter "Carpentier") in their individual capacities for deprivation of Plaintiff's federal civil rights and false arrest.  The Defendants moved, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of Plaintiff's claims.

At this time, Plaintiff concedes that he has failed to plead plausible claims against the County and Sheriff DuBois.  Accordingly, Plaintiff does not oppose the relief requested on behalf of the County and Sheriff DuBois.  However, for the reasons set forth herein, Plaintiff has plausibly pled claims for relief against Cottone and Carpentier and, therefore, the motion to dismiss should be denied as it pertains to those Defendants.

## STATEMENT OF FACTS

The facts are taken from Plaintiff's Amended Complaint and are summarized as follows. Plaintiff is the owner and President of Newburgh Towing & Service, Inc., located in the City of

Newburgh, County of Orange, State of New York.  Plaintiff provides towing services for hire through Newburgh Towing & Service, Inc.  *See* Amended Complaint ¶ 16.

On or about December 28, 2010, Plaintiff was hired by an individual named Panayiotis Andrianis (hereinafter "Andrianis") to transport a piece of large equipment (the "Bobcat"), from the Town of Fishkill to the City of Beacon, within Dutchess County.   Plaintiff performed the requested services and provided towing and transportation services to Andrianis who refused to make payment for services rendered by Plaintiff and abandoned the Bobcat in Plaintiff's custody in the parking lot of M&T Bank in the City of Beacon.  On or about December 29, 2010 at approximately 2:00 a.m., Plaintiff transported the Bobcat to his business location, a motor vehicle repair shop located at 230 Ann Street, Newburgh, New York.  *Id.* at ¶¶ 17-19.

Upon arriving at his repair shop with the Bobcat, Plaintiff called the City of Beacon Police Department, advised them of the above situation, and was instructed to hold the equipment pending payment pursuant to New York State Lien Law § 184(1).   On January 3, 2011, within five (5) days of towing the Bobcat, Plaintiff complied with the requirements of New York State Lien Law § 184(2) by mailing - via certified mail, return receipt requested - to the owner of the Bobcat, Summit Handling Services Inc. (hereinafter "Summit"), a notice indicating that Plaintiff towed and was storing said Bobcat, the amount claimed for such towing and storage, and the address and times at which said Bobcat could be recovered. The above-referenced notice further stated that Plaintiff claimed a lien on said Bobcat and that said Bobcat would be released to the owner thereof or his or her lawfully designated representative upon full payment of all charges accrued to the date that said Bobcat is released. *Id.* at ¶¶ 20-22.

On or about December 29, 2010, the City of Newburgh Police Department contacted Plaintiff to investigate an allegation by Summit that Plaintiff had stolen their equipment.  The

2

City of Newburgh Police Department conducted a thorough investigation, including visiting and interviewing Plaintiff at his place of business, and declined to take any action against Plaintiff, indicating that no criminality had occurred and that the issue was, at most, a civil matter between Plaintiff and Summit. *Id.* at ¶¶ 23-24.

On or about December 29, 2010, the State of New York Police Department contacted Plaintiff investigating an allegation by Summit that Plaintiff had stolen their equipment.   The State of New York Police Department conducted a thorough investigation, including visiting and interviewing Plaintiff at his place of business, and declined to take any action against Plaintiff, indicating that no criminality had occurred and that the issue was, at most, a civil matter between Plaintiff and Summit. *Id.* at ¶¶ 25-26.

On or about January 2, 2011, the City of Beacon Police Department contacted Plaintiff investigating allegations by Summit that Plaintiff had stolen their equipment.   The matter was assigned to Detective Rios, who conducted an extensive investigation extending over several days.  As part of the investigation, the City of Beacon Police Department interviewed witnesses and reviewed video surveillance from the alleged locations.   At the conclusion of its investigation, the City of Beacon Police Department found no criminality and that the issue was, at most, a civil matter between Plaintiff and Summit[1]. *Id.* at ¶¶ 27-30.

On or about January 13, 2011, Plaintiff was contacted by Cottone, as part of an investigation by the Orange County Sheriff's Department into the allegation by Summit that Plaintiff had stolen the Bobcat.  Plaintiff explained to Cottone that he held a lien on the equipment for non-payment of towing services provided in connection with the equipment.

---

[1] After filing the Amended Complaint, it became known to the undersigned that Detective Rios had contacted the Dutchess County District Attorney's Office to discuss this investigation.  Assistant DA Heather Ryan, after reviewing the file, determined this was not a larceny but merely a civil dispute.  This determination was relayed to Andrianis by Detective Rios on or about January 3, 2011.

Later that same day, Cottone went to Plaintiff's place of business to demand release of the Bobcat. Plaintiff refused to release the Bobcat to Cottone and informed Cottone of the previous investigations conducted by the City of Newburgh Police Department, the City of Beacon Police Department, and the New York State Police. Further, Plaintiff provided Cottone with evidence that he had complied with all aspects of the New York State Lien Law. *Id.* at ¶¶ 31-32, 38-39.

On or about January 18, 2011, at approximately 3:00 p.m., Plaintiff and Summit entered into an agreement by which Summit would pay $2,476.06 to Plaintiff for towing and storage fees and that Plaintiff in turn would return the equipment to Summit. Plaintiff and Summit further agreed that Plaintiff would hold the equipment for an additional three (3) days until Summit's payment check cleared. During that three-day period, Plaintiff was authorized to use the equipment so long as his use did not exceed five hours over the three days, that he sign a rental agreement, and provide a certificate of insurance. At approximately 4·00 p.m. on January 18, 2011, Plaintiff went to Summit's place of business to provide the certificate of insurance and sign a rental agreement but was advised the manager had left for the day and Plaintiff was turned away. *Id.* at ¶¶ 40-43.

On January 18, 2011, at approximately 5:00 p.m., Carpentier, along with other members of the Orange County Sheriff's Department, arrived at Plaintiff's place of business and placed him under arrest. *Id.* at ¶ 44. Thereafter, Plaintiff was taken to the Town of New Windsor Justice Court and was arraigned on the following charges: Grand Larceny in the Third Degree, a class D felony, in violation of Penal Law § 155.35; Criminal Possession of Stolen Property in the Third Degree, a class D felony, in violation of Penal Law § 165.50; and Unauthorized Use of a Motor Vehicle in the Third Degree, a class A misdemeanor in violation of Penal Law § 165.05. *Id.* at ¶¶ 53-54.

On February 25, 2011, the Orange County District Attorney's Office dismissed all felony counts against Plaintiff for lack of jurisdiction and insufficient evidence, leaving only the charge of Unauthorized Use of a Motor Vehicle in the Third Degree, a misdemeanor. *Id.* at ¶¶ 61-62. On June 17, 2011, Plaintiff was acquitted after a non-jury trial in Newburgh City Court. *Id.* at ¶¶ 63-64.

All of the foregoing occurred without any fault or provocation on the part of Plaintiff, who was wholly innocent of the charges filed against him or of any other unlawful or wrongful conduct, and whose conduct was permissible under the New York State Lien Law.

## ARGUMENT

## I.    STANDARD OF REVIEW ON A RULE 12(b)(6) MOTION TO DISMISS

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in a plaintiff's favor. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006); *see also Gonzalez v. Caballero*, 572 F.Supp.2d 463 (S.D.N.Y. 2008). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged wrongdoing]." *Id.* at 556.

The Defendants offer extrinsic evidence, attached to the Affidavit of Chief Dennis Barry as Exhibits A - J, in support of their motion to dismiss. With the exception of the felony

complaint (Barry Aff., Ex. G), and correspondence from Plaintiff to Summit (Barry Aff., Exs. I&J), each of which was referenced in the Amended Complaint, none of the exhibits offered by the Defendants should be considered by the Court.

In deciding a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, a court is generally required to "look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Oxman v. Downs*, 2014 U.S. Dist. LEXIS 20714 at *1 (E.D.N.Y. Feb. 14, 2014) (" ... evidence outside of the Complaint may not be considered by the Court when deciding a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6)"). However, "[i]n assessing the sufficiency of the complaint, a court may consider 'any written instrument attached to it as an exhibit, materials incorporated by reference, and documents that, although not incorporated by reference, are integral to the complaint.'" *Clopay Plastic Prods. Co., Inc. v. Excelsior Packaging Group, Inc.*, 2013 U.S. Dist. Lexis 172448, 2013 WL 6388444 (S.D.N.Y. 2013) (*quoting Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).  A document may be rendered "integral to the complaint" and may be considered by the court where the complaint "relies heavily upon its terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (*quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

Other than as referenced above, Plaintiff did not rely on any of the proffered exhibits in bringing the instant lawsuit; neither the Complaint nor the Amended Complaint contain any reference to these extrinsic documents.  Furthermore, and contrary to the Defendants' assertion, Plaintiff's knowledge of the existence of these documents alone is not enough to permit the Court's review when deciding a motion to dismiss.  *See Chambers*, 282 F.3d at 153 (" ... we reiterate here that a plaintiff's reliance on the terms and effect of a document in drafting the

complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough").

Additionally, the extrinsic documents proffered by the Defendants are not the type typically associated with the "integral to the complaint" exception. *See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150* (2d Cir. 2006) (explaining that where the "integral to the complaint" exception is recognized, the extrinsic document is usually a "contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls"); *see also Chambers*, 282 F.3d at 153 ("The contracts considered by the District Court … comfortably meet this test because they are integral to the Amended Complaint."); *see also Weaver v. In Clerks Office City of N.Y.*, 2014 U.S. Dist. LEXIS 32036 at *9, 2014 WL 950041 (E.D.N.Y. Mar. 10, 2014) ("This Court is not persuaded … that Second Circuit precedent permits consideration of an arrest report on a 12(b)(6) motion."). For the foregoing reasons, the Court should disregard the extrinsic evidence proffered by the Defendants, specifically Exhibits A – F and H attached to the Affidavit of Chief Dennis Barry.

## II.     PLAINTIFF'S CLAIMS AGAINST THE COUNTY AND SHERIFF DUBOIS

Plaintiff concedes that he has failed to plead plausible claims against the County and Sheriff DuBois. Plaintiff does not oppose the relief requested in the Defendants' motion as to the County and DuBois only. For the reasons set forth below, the Defendants' motion should be denied as to Cottone and Carpentier.

As to Point VI in the Defendants' Memorandum of Law, while Plaintiff concedes on the issue of municipal liability for the County, he continues to assert civil rights violations against Cottone and Carpentier in their individual capacities. For the reasons set forth below, the Amended Complaint contains well-pled allegations that plausibly state a claim against Cottone

and Carpentier for deprivation of federal civil rights and false arrest and, accordingly, the motion to dismiss should be denied.

**III.  PLAINTIFF HAS PLAUSIBLY PLED CLAIMS FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS AND FALSE ARREST AGAINST COTTONE AND CARPENTIER**

(a)   Plaintiff Has Plausibly Pled That He Was Arrested Without Probable Cause

"A claim of false arrest under Section 1983 is rooted in the Fourth Amendment, which provides an individual with the right to not be arrested without probable cause." *Vanderwoude v. City of New York*, 2014 U.S. Dist. LEXIS 79064, *26, 2014 WL 2592457 (S.D.N.Y. June 10, 2014) (*citing Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996)).  The elements necessary to prove false arrest are "substantially the same" as the elements for false arrest under New York law. *Id.* at *25 (*quoting Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991)).  "To establish a claim for false arrest, the plaintiff must show that:  (i) he was intentionally confined; (ii) he was conscious of the confinement; (iii) he did not consent to the confinement; and (iv) the confinement was not privileged." *Id.* (*citing Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012)); *see also Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003).

The Amended Complaint contains sufficient factual allegations, accepted as true, to satisfy the four elements of a claim for false arrest.  The Defendants do not contest that Plaintiff has sufficiently pled the first three elements of false arrest.  They argue that Plaintiff has not properly pled the fourth element because Cottone and Carpentier had probable cause to arrest Plaintiff.  This claim is without merit.  The Amended Complaint contains factual allegations, accepted as true, which establish:  Plaintiff asserted a lien against the allegedly stolen property (Am. Compl. at ¶¶ 21-22); Plaintiff advised the owner of the Bobcat, in writing, about his claimed lien prior to the Orange County Sheriff's Department's commencement of its

8

investigation (*Id.*); three separate law enforcement agencies investigated the matter before Orange County got involved and each agency determined that no crime had been committed (*Id.* at ¶¶ 23-30); and Plaintiff advised Cottone and Carpenter of his asserted lien, and the prior investigations, five days before they placed him under arrest (*Id.* at ¶¶ 31-32, 38-39, 44). These allegations, accepted as true, clearly set forth that Plaintiff had not unlawfully taken, possessed, or used the Bobcat. In spite of these facts - all of which were known to Cottone and Carpentier prior to the arrest – Plaintiff was arrested. For the foregoing reasons, Plaintiff has pled a plausible claim for false arrest.

   In an abundance of caution, Plaintiff will address the substantive arguments raised by the Defendants regarding probable cause for the arrest of Plaintiff. Probable cause is a defense to a claim for false arrest. *Singer v. Fulton County Sheriff*, 63 F.3d 110 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996). The Defendants, relying on *Singer*, correctly assert that probable cause may be established based upon a citizen's complaint. However, the Court in *Singer* included the following caveat to this rule, conveniently omitted from the Defendants' brief: "...*absent circumstances that raise doubts as to the victim's veracity.*" *Id.* at 119 (emphasis added). Courts of this Circuit have held – including cases cited by the Defendants – that probable cause may be established based upon a citizen's complaint *absent circumstances that raise doubts as to the victim's veracity. Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that arrest of person may be proper "[w]hen information is received from a putative victim ... unless the circumstances raise doubts as to the person's veracity"); *Weaver*, 2014 U.S. Dist. LEXIS 32036 at *14; *Carminucci v. Alagno*, 2012 WL 4053801 at *3 (S.D.N.Y. 2012); *Cornell v. Kapral*, 2011 WL 94063 at *6 (N.D.N.Y. 2011), *aff'd*, 483 Fed. Appx. 590 (2d Cir. 2012); *Ward v. The*

*City of New York*, 2010 U.S. Dist. LEXIS 97710, 2010 WL 3629536 (S.D.N.Y. 2010); *Mistretta v. Prokesch*, 5 F. Supp.2d 128, 133 (E.D.N.Y. 1998).

The well-pled allegations in the Amended Complaint, accepted as true, plausibly set forth circumstances raising doubts about the veracity of the information provided by Daniel Morgan and Summit. Three separate law enforcement agencies investigated the complainant's allegations, commencing the day after the alleged theft, and determined that no crime had been committed. *See* Am. Compl. at ¶¶ 23-30. Cottone and Carpentier were aware of these prior investigations because Plaintiff advised Cottone of them during their first conversation on January 13, 2011. *Id.* at ¶¶ 31, 38. Furthermore, Plaintiff had asserted a lien against the allegedly stolen property, at the direction of the City of Beacon Police Department. *Id.* at ¶¶ 20-21. Plaintiff made Daniel Morgan and Summit aware that he was asserting a lien against the Bobcat. *Id.* at ¶¶ 21-22. Cottone and Carpentier were aware of Plaintiff's claimed lien, and that he had notified Daniel Morgan and Summit of the lien, because Plaintiff advised Cottone of this, and provided evidence of same, on January 13, 2011. *Id.* at ¶¶ 21-22, 32, 39. These facts clearly would have established doubt in the mind of any reasonable police officer as to the veracity of Daniel Morgan's statements.

Further, courts of this Circuit have held that the failure of a police officer to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause. *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010); *see also Tretola v. County of Nassau*, 2014 U.S. Dist. LEXIS 52852 at *29, 2014 WL 149371 (E.D.N.Y. April 16, 2014) ("[A] police officer may not close his or her eyes to facts that would help clarify the circumstances of an arrest. Reasonable avenues of investigation must be pursued especially when, as here, it is unclear whether a crime had even taken place.") (*quoting BeVier v. Hucal*,

806 F.2d 123, 128 (7th Cir. 1986)).  Similarly, New York State courts recognize that a failure to make further inquiry may be evidence of a lack of probable cause.  *See Guntlow v. Barbera*, 76 A.D.3d 760, 907 N.Y.S.2d 86 (3d Dept. 2010); *Fausto v. City of New York*, 17 A.D.3d 520, 793 N.Y.S.2d 165 (2d Dept. 2005) ("Contrary to the defendants' contentions, there is an issue of fact as to whether the officer's reliance on the statement of the plaintiff's ex-wife was justified where the evidence and testimony indicated that a reasonable person would have made further inquiry."); *Carlton v. Nassau County Police Dept.*, 306 A.D.2d 365, 761 N.Y.S.2d 98 (2d Dept. 2003).  In *Carlton*, the plaintiff had been arrested in his home, without a warrant, for theft of services after he had left a restaurant without paying disputed portions of a bill.  The arresting officers knew that the bill had been disputed and that the plaintiff had provided his business card to the restaurant owner.  *Carlton*, 306 A.D.2d at 366.  The court, in denying the defendants' motion for summary judgment, held that "... issues of fact exist as to whether the police officers had probable cause to arrest ... notwithstanding the existence of an affidavit by the restaurant owner that the plaintiff left without paying the bill." *Id.* at 365.  The facts in the instant matter are similar to those in *Carlton*.  In each case, there was an essentially civil dispute between two parties that escalated into a criminal prosecution because the arresting police officers failed to make further inquiry under circumstances in which a reasonable person would have made such further inquiry.  For the foregoing reasons, the Defendants' reliance on the information received from Daniel Morgan and Summit to establish probable cause is unwarranted and the Court should deny the motion to dismiss.

Furthermore, at this stage of the proceedings, prior to discovery, when there is a dispute as to the facts surrounding Plaintiff's arrest, the Court should not grant the Defendants' motion to dismiss.  *See Ward*, 2010 U.S. Dist. LEXIS 97710 at *5, 2010 WL 3629536 ("The Court cannot

answer [the question of whether probable cause existed] now, as a matter of law, before the completion of discovery. The existence of probable cause depends on the totality of the circumstances, and the full circumstances of [plaintiff's] arrest are not in the record yet."); *Weaver*, 2014 U.S. Dist. LEXIS at \*16, 2014 WL 950041 ("... this Court cannot determine, before any discovery has been undertaken, that [the victim's] statements provided the officer defendants with probable cause to arrest ...") *see also O'Brien v. City of Yonkers*, 2013 U.S. Dist. LEXIS 43551 at \*12-13, 2013 WL 1234966 (S.D.N.Y. 2013) ("[w]here the question of whether an arresting officer had probable cause is predominantly factual in nature, as when there is a dispute as to the pertinent events, the existence ... of probable cause is to be decided by the jury.") (*quoting Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).   The cases cited by the Defendants – *Singer, Carminucci, Cornell, and Hogan* – implicitly support this contention, in that each of those cases was decided at the summary judgment stage, after the completion of discovery. At this stage of the proceedings, prior to discovery, and in light of the well-pled factual allegations in the Amended Complaint, the Court should deny the Defendants' motion to dismiss.

(b)   <u>Cottone and Carpentier Are Not Entitled to Qualified Immunity</u>

The Defendants' assertion of qualified immunity on behalf of Cottone and Carpentier is also without merit. A police officer is entitled to qualified immunity where "(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." *Cerrone v. Brown*, 246 F.3d 194, 199 (2d Cir. 2001) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). At the time of Plaintiff's arrest, "... the right to be free from arrest without probable cause was clearly established." *Jenkins v. City*

*of New York*, 478 F.3d 76, 87 (2d Cir. 2007); *see also Williams* v. *The City of Mount Vernon*, 428 F.Supp.2d 146 (S.D.N.Y., 2006) ("It is well established that an arrest without probable cause is a constitutional violation"). Plaintiff submits that the detailed factual allegations contained in the Amended Complaint allow this Court to draw the reasonable inference that Cottone and Carpentier arrested him without probable cause.

In light of Plaintiff's detailed allegations of a violation of a clearly established constitutional right, Cottone and Carpentier can only shield themselves with qualified immunity if there was "arguable" probable cause – that is, if "officers of reasonable competence could disagree on whether the probable cause test was met." *Jenkins*, 478 F.3d at 87 (*quoting Lennon* v. *Miller*, 66 F.3d 416, 423-24 (2d Cir. 1995)). This analysis essentially turns on whether the officers' probable cause determination was objectively reasonable. *Id.* The facts set forth in the Amended Complaint clearly establish that it was not objectively reasonable for Cottone and Carpentier to determine that probable cause existed. Three separate law enforcement agencies investigated the complainant's allegations, commencing the day after the alleged theft, and determined that no crime had been committed. *See* Am. Compl. ¶¶ 23-30. Cottone and Carpentier were aware of these prior investigations because Plaintiff advised Cottone of them during their first conversation on January 13, 2011. Id. at ¶¶ 31, 38. Furthermore, Plaintiff had asserted a lien against the allegedly stolen property, at the direction of the City of Beacon Police Department. Id. at ¶¶ 20-21. Cottone and Carpentier were aware of Plaintiff's claimed lien because Plaintiff advised Cottone of this, and provided evidence of same, on January 13, 2011. Id. at ¶¶ 32, 39.

Based upon the foregoing, Cottone and Carpentier cannot credibly argue that their determination of the existence of probable cause to arrest Plaintiff was objectively reasonable.

13

Officers from three other police departments – presumably "officers of reasonable competence" – all determined that probable cause did not exist. Under this analysis, Cottone and Carpentier cannot establish the reasonableness of their conduct and, therefore, cannot avail themselves of the protection of qualified immunity.

Furthermore, at the motion to dismiss stage, based upon the detailed factual allegations set forth in the Amended Complaint, this Court should not find that it was objectively reasonable for Cottone and Carpentier to believe they had probable cause for Plaintiff's arrest. *See Weaver*, 2014 U.S. Dist. LEXIS at *17, 2014 WL 950041 (*citing Mack v. Town of Wallkill*, 253 F. Supp.2d 552, 560 (S.D.N.Y. 2003) ("The problem here is that the factual record is in serious dispute, which precludes the Court from making the ultimate legal determination of whether a reasonable police officer would have believed he had probable cause to arrest …").

(c)     New York State Lien Law

To borrow a phrase from the Defendants, the argument that Plaintiff failed to properly plead the elements of the Lien Law is a "red herring" and should not be considered by the Court. To survive the Defendants' motion to dismiss, Plaintiff is only required to set forth allegations that establish a plausible claim for relief on his claim of false arrest. *Twombly*, 550 U.S. at 570. The factual allegations contained in the Amended Complaint, which must be accepted as true, set forth that Plaintiff had asserted a lien against the allegedly stolen property (Am. Compl. ¶¶ 21-22), at the direction of the City of Beacon Police Department (*Id.* at ¶ 20), and that Plaintiff had advised Cottone and Carpentier of same (*Id.* at ¶¶ 32, 39).

A motion to dismiss under Rule 12(b)(6) is not a proper forum for resolving the factual dispute of whether Plaintiff had validly asserted a lien under the New York State Lien Law. *See, e.g., Global Network Commc'ns, Inc.*, 458 F.3d 150 ("The purpose of Rule 12(b)(6) is to test, in

14

a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits.") (emphasis in original); *Dual Groupe, LLC v. Gans-Mex LLC*, 932 F. Supp.2d 569, 572 (S.D.N.Y. 2013) ("Defendants dispute many of the complaint's factual allegations, which the court cannot adjudicate at the motion to dismiss stage.").  The Defendants cite no legal authority to the contrary and, accordingly, their motion to dismiss on this ground should be denied.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss Plaintiff's claims for deprivation of federal civil rights and false arrest against Cottone and Carpentier should be denied.

Dated: White Plains, New York
        July 11, 2014

RUDNER & PALEUDIS, LLC

By: _____
        Brian M. Rudner (BR-4115)
        445 Hamilton Avenue, Suite 1102
        White Plains, New York 10601
        (T):  (914) 220-8270
        (F):  (914) 220-8271
        (Email):  bmr@rudnerpaleudis.com